UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Gerald May, II,

                Petitioner,               Case Number: 20-10267
                                              Hon. George Caram Steeh

   v.

Matt Macauley,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED  IN FORMA PAUPERIS ON APPEAL

Michael Gerald May, II, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of first-degree child abuse, three counts of first-degree child abuse in the presence of a child, and one count of assault by strangulation.  He raises three claims for relief.  The Court finds that Petitioner's claims do not warrant relief and denies the petition.  The Court also denies a certificate of appealability and grants Petitioner leave to proceed *in forma pauperis* on appeal.

I.      **Background**

Petitioner's convictions arise from the abuse of his son and step-children.  In 2017, Petitioner was charged in Washtenaw County Circuit Court with three counts of first-degree child abuse, Mich. Comp. Laws § 750.136b(2), three counts of first-degree child abuse in the presence of another child, Mich. Comp. Laws § 750.136d(1)(A), three counts of torture, Mich. Comp. Laws § 750.85, two counts of third-degree child abuse, Mich. Comp. Laws § 750.136b(5), two counts of third-degree child abuse in the presence of another child, Mich. Comp. Laws § 750.136d(1)(d), and one count of assault by strangulation, Mich. Comp. Laws § 750.84(1)(b).  On July 28, 2017, he pleaded no contest to three counts of first-degree child abuse, three counts of first-degree child abuse committed in the presence of another child, and one count of assault by strangulation.  He entered the plea pursuant to a plea agreement which provided for dismissal of the remaining charges and a minimum sentence within the guidelines of 135 to 225 months.  The parties stipulated to the use of the Children's Protective Services (CPS) investigative report to serve as the factual basis for the plea.  (*See* 6-3, PageID.112-13.)

The CPS report details horrific abuse inflicted by Petitioner and codefendant Shivohn May on their children from January 2015 until their

arrests in February 2017.  Petitioner and Shivohn resided with their five children (then aged 5, 6, 11, 12, and 14) in Ypsilanti Township.  One child, MM, is the biological child of Petitioner and Shivohn; the remaining four children are Shivohn's biological children from previous relationships.  In February 2017, the oldest child, fourteen-year-old XS, reported to a school social worker that her father had beaten her so severely on her legs and bottom with a fraternity paddle that she began bleeding.  This beating occurred on February 9, 2017.  On another occasion, he hit her in the face and then strangled her until she passed out.  XS also reported that she could not estimate the number of times Petitioner beat her and her siblings because the beatings were too frequent to count.

Twelve-year-old CM reported that Petitioner paddled her on over fifteen different occasions.  She showed a case worker a one-inch scar on her forehead from a previous beating.  She also witnessed the February 9th beating of XS by Petitioner and had been forced to clean up blood stains from the carpet.

Eleven-year-old MM told the case worker that he too was paddled on February 9, 2017.  He also showed scars on his forehead, chin, and leg from prior beatings.

The children also explained that Petitioner would force them to do push-ups to punish them.  When the push-ups were not done to Petitioner's liking he would beat them with the fraternity paddle.  A neighbor told investigators that she saw suspicious bruises on the children and could often hear screaming coming from the residence.  A dental hygienist who treated the children for five years also suspected they were being abused.

On September 11, 2017, Petitioner was sentenced to concurrent sentences of 225 months to 50 years for each child abuse conviction and 5 to 10 years for the assault conviction.  Several months after sentencing, Petitioner filed a motion to withdraw his no contest plea in the trial court. The trial court denied the motion.  (*See* ECF No. 6-7.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising these claims: defense counsel's ineffectiveness rendered his plea involuntary, several offense variables were incorrectly scored, and defense counsel was ineffective for agreeing to the inaccurate scoring.  The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented."  *People v. May*, No. 343776 (Mich. Ct. App. Feb. 4, 2019).  The Michigan Supreme Court also denied leave to appeal.  *People v. May*, 503 Mich. 947 (Mich. 2019).

- 4 -

Petitioner then filed this habeas corpus petition.  He raises the same

claims raised in state court.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim —
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law, or if the state court decides a case

differently than the Supreme Court has on a set of materially

indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-

court rulings," and "demands that state-court decisions be given the benefit

of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations

omitted).  A "state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.

86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664

(2004)).  Pursuant to § 2254(d), "a habeas court must determine what

arguments or theories supported or . . . could have supported, the state

court's decision; and then it must ask whether it is possible fairminded

jurists could disagree that those arguments or theories are inconsistent with

the holding in a prior decision" of the Supreme Court.  *Id.*  A "readiness to

attribute error [to a state court] is inconsistent with the presumption that

state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19,

24 (2002).

A state court's factual determinations are presumed correct on

federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  This presumption is

rebutted only with clear and convincing evidence. *Id.*  Moreover, for claims

- 6 -

adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Discussion

### A.  Validity of Plea

Petitioner argues that his plea was rendered involuntary and unknowing by defense counsel's ineffectiveness.  He claims defense counsel failed to investigate the case or prepare a defense and that counsel incorrectly told Petitioner that he would be sentenced to ten years' imprisonment if he entered a plea.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Haring v. Prosise,* 462 U.S. 306, 219-20 (1983).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *United States v. Brady*, 397 U.S. 742, 748 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A plea "entered by one fully aware of the direct consequences" is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every

relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757 (quotation omitted).

Ineffective assistance of counsel may render a plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To show that counsel performed ineffectively, Petitioner must establish that (1) counsel performed deficiently and (2) there is a reasonable probability that, absent counsel's error, he would not have pleaded guilty and would have proceeded to trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill*, 474 U.S. at 58. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

In plea cases, the "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Petitioner challenged the voluntariness of his plea on direct review. The Michigan Court of Appeals denied relief for "lack of merit in the grounds presented." *People v. May*, No. 343776 (Mich. Ct. App. Feb. 4, 2019).  This counts as an adjudication on the merits.  *Pirkel v. Burton*, 970 F.3d 684, 692 n.1 (6th Cir. 2020).  When the last state court to adjudicate a claim on the merits does not provide reasons for its holding, a court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  In this case, that decision is the state trial court's decision denying Petitioner's motion to withdraw his plea.

The state trial court held that Petitioner's plea was "made freely, understandingly, and voluntarily." (ECF No. 6-7, PageID.173.)  The court reasoned that Petitioner had an opportunity to voice his concerns during

the plea colloquy but did not do so.  He did not inform the court that he was being pressured, that he did not want to plead no contest, or that promises had been made to him.  The court was not persuaded that counsel told Petitioner he would receive a sentence of ten years.  Based on these considerations, the court concluded that Petitioner's plea was voluntary. Petitioner fails to show that the trial court's decision was unreasonable.

The Court first addresses Petitioner's claim that counsel was ineffective for failing to investigate and prepare a defense and that, consequently, he felt coerced into pleading no contest.  Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary.  *Strickland*, 466 U.S. at 690-91.  Where a habeas petition alleges counsel failed to investigate or discover potentially exculpatory evidence, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial."  *Hill*, 474 U.S. at 58.

- 10 -

Petitioner fails to establish that counsel did not investigate or was deficient in advising him about the charges, the plea, or possible defenses. He does not identify any information that could have been obtained through investigation which would have led counsel to change the plea recommendation or led Petitioner to reject the plea. The plea colloquy shows that Petitioner was fully informed of his rights and the rights he would be giving up if he entered a plea.  He affirmed on the record that he had not been promised anything beyond what was stated on the record and that he had not been threatened or forced into pleading no contest. Petitioner failed to indicate in any way that he was dissatisfied with counsel's representation.  The claim that counsel should have and could have done more is conclusory and, therefore, insufficient to justify habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir.2007) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief).

Further, there is no evidence that Petitioner suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or the nature of his plea.  Petitioner claims that counsel incorrectly told him that he would receive a sentence of ten years. But the trial court accurately informed Petitioner that he would receive a

minimum sentence within the guidelines range of 135 to 225 months. A trial court's proper plea colloquy generally cures any misunderstandings a defendant may have had about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Petitioner is bound by the statements he made at the plea hearing, and his allegations cannot be given precedence over his on-the-record sworn statements to the contrary. *Id.* at 566. Here, the plea colloquy was proper, clear, and thorough. The proper plea colloquy and Petitioner's own testimony under oath that he understood the potential penalties "foreclose" him from relying upon any misunderstanding of his possible sentences when he did not inform the court of any confusion. *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016).

The favorable plea bargain that Petitioner received weighs against a finding that he was prejudiced by any alleged error. *Plumaj v. Booker*, 629 F. App'x 662, 667-68 (6th Cir. 2015) (the court may consider the relative benefits of a plea agreement to assess counsel's performance). Nine of the charges against Petitioner carried the possibility of a life sentence. Accepting the plea offer eliminated the potential for a life sentence. Thus, Petitioner received substantial benefit from the plea bargain.

Additionally, to the extent that Petitioner argues that counsel was ineffective for allowing him to enter a plea despite his innocence, this claim is meritless.  A criminal defendant may constitutionally enter a plea even while protesting his innocence or declining to admit his commission of the crime.  *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

In sum, there is nothing in the state courts' determination of this issue that is contrary to, or an unreasonable application of, *Strickland* or *Hill*. Relief is denied on this claim.

### B.  Ineffective Assistance of Counsel (Claim II)

In his second claim, Petitioner maintains that defense counsel was ineffective for failing to seek enforcement of the sentence agreement and failing to object to the scoring of Offense Variables (OV) 3, 7, and 10.

Petitioner argues that his sentences of 225 months to 50 years for child abuse and 5 to 10 years for assault were contrary to the sentence agreement and that counsel was ineffective for failing to move to enforce the agreement or move to withdraw the plea on that basis.  Petitioner's argument is a misstatement of the sentence agreement.  During the plea hearing, the prosecutor explained the terms of the agreement as limiting Petitioner's minimum sentence to one within the guidelines as scored at 135 to 225 months and a maximum sentence as the court deemed

appropriate.  (ECF No. 6-3, PageID.109.)  The state trial court also

informed Petitioner during the plea colloquy that he was agreeing to a

"minimum  of 135 months to 225 months, to a maximum to be set by the

Court."  (ECF No. 6-3, PageID.110.)  The court further explained that, with

the exception of assault by strangulation, the maximum penalty for each of

the offenses to which he would plea was life imprisonment.  (*Id.*)  Petitioner

indicated he understood the sentence agreement.

Petitioner was sentenced in accordance with the plea agreement as

clearly explained to Petitioner.  Counsel was not ineffective for failing to

raise a meritless objection to the sentence.

Petitioner also fails to show that defense counsel was ineffective for

failing to object to the scoring of offense variables.  Petitioner challenged

the scoring of each of these offense variables in his motion to withdraw his

plea.  The trial court denied the motion holding that each of the challenged

offense variables had been properly scored.  "[A] state court's interpretation

of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v.*

*Richey*, 546 U.S. 74, 76 (2005).  This is because "state courts are the

ultimate expositors of state law."  *Mullaney v. Wilbur*, 421 U.S. 684, 691

(1975).  So any objection by defense counsel would have been futile.

Petitioner is therefore not entitled to relief on his claim that counsel was

ineffective for failing to the scoring of these offense variables.  *See, e.g.,*

*Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless

arguments is neither professionally unreasonable nor prejudicial."); United

States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000) (rejecting ineffective

assistance claim and holding that because "any objection [...] would have

failed, [ ] trial counsel's failure to object [...] was not deficient").

### C.  Eighth Amendment (Claim III)

Finally, Petitioner argues that his sentence violates both the Michigan

and United States Constitutions because it constitutes cruel and unusual

punishment.  Respondent argues that this claim is unexhausted.  A

prisoner is required to exhaust his state-court remedies for a claim before

presenting that claim in a federal habeas corpus petition.  *See* 28 U.S.C. §

2254(b)(1)(A).  Respondent argues that Petitioner failed to raise this claim

in state court.  The Court nevertheless addresses the merits of this claim

because the Court may decide an unexhausted claim where the

unexhausted claim is plainly meritless.  *Granberry v. Greer*, 481 U.S. 129,

131 (1987).

"[T]he Eighth Amendment does not require strict proportionality

between crime and sentence.  Rather, it forbids only extreme sentences

that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan*, 501

U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)).

Courts reviewing Eighth Amendment proportionality must remain highly

deferential to the legislatures in determining the appropriate punishments

for crimes.  *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003)

(citing *Harmelin*, 501 U.S. at 999).  "In implementing this 'narrow

proportionality principle,' the Sixth Circuit has recognized that 'only an

extreme disparity between crime and sentence offends the Eighth

Amendment.'"  *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008)

(quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).  As

long as the sentence remains within the statutory limits, trial courts have

historically been given wide discretion in determining "the type and extent

of punishment for convicted defendants."  *Williams v. New York*, 337 U.S.

241, 245 (1949).

Petitioner's sentence was not grossly disproportionate or excessive

and did not exceed the statutory maximum for any of his crimes.  *See* Mich.

Comp. Laws § 750.136b(2) (providing for maximum sentence of life

imprisonment), three counts of first-degree child abuse in the presence of

another child, Mich. Comp. Laws § 750.136d(1)(A) (same).  The trial court

provided ample justification for the sentence imposed.  In light of the

circumstances of the crimes, the state court reasonably found no Eighth Amendment violation.

Finally, the claimed violation of the Michigan Constitution is not cognizable on federal habeas corpus review. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas relief is denied.

## IV.   Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."
*Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

The Court finds that jurists of reason could not debate the conclusion that Petitioner has failed to demonstrate an entitlement to habeas relief.  A certificate of appealability is denied.

The Court grants Petitioner leave to appeal in forma pauperis because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V.  Conclusion

The Court DENIES the petition for writ of habeas corpus and DENIES a certificate of appealability.

If he chooses to appeal this decision, Petitioner may proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 22, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk

- 18 -